UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID POWELL,

      Plaintiff,

  v.                                Civil Action 2:24-cv-1405
                                    Judge Edmund A. Sargus, Jr.
JEFFERSON COUNTY DEPARTMENT      Magistrate Judge Chelsey M. Vascura
OF JOB & FAMILY SERVICES, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

    When Plaintiff failed, after multiple extensions of time, to comply with the Court's deadline to effect service of process over Defendants in compliance with Federal Rule of Civil Procedure 4, the Court ordered Plaintiff for a second time, on November 19, 2024, to show cause why the Court should not dismiss this action without prejudice for failure to effect service, and why the Court should allow an extension of time to effect service. (Show Cause Order, ECF No. 30.) Plaintiff responded on December 3, 2024, in nearly unintelligible language, and generally requested more time to effect service. (ECF No. 40.)

    To date, the docket does not reflect that Plaintiff has properly effected service of process as required by Federal Rule of Civil Procedure 4(m) over any of the Defendants. The Court acknowledges that Plaintiff has submitted mailing materials for the Clerk to serve the Defendants with issued summonses and complaints (*see* Certificate of Mailing by the Clerk, ECF No. 28); however, the complaints submitted to the Clerk's Office for service differ depending on the Defendant to whom they are directed and do not appear to match any version of the Complaint

currently on the docket (*see* Complaints, ECF Nos. 1, 3, 8, 14). Thus, Plaintiff's attempts at serving the Defendants are noncompliant.

Several Defendants have noted defects with Plaintiff's attempts at service, but many have nonetheless filed motions under Rule 12 to dismiss Plaintiff's complaint on the merits or for lack of subject-matter jurisdiction. (*See* Motions to Dismiss, ECF Nos. 23, 44, 46, 49, 52.) Those Defendants have either preserved their service defenses or waived them by raising or not raising, respectively, their service defenses in their Rule 12 motions. *See* Fed. R. Civ. P. 12(g)(2), (h)(1). The remaining Defendants (Jane Hanlin, Dr. Janez Pecar, Sunnyslope Care Center, the Hon. Frank W. Noble, Jr., Trinity Health System, Ryan Heddleston, and Jefferson County Probate Court, collectively, the "non-moving Defendants") have not appeared in this action after Plaintiff's deficient attempts to serve them, and service defenses remain available to those Defendants.

In short, Plaintiff has made no progress in serving the non-moving Defendants since the November 19, 2024 Show Cause Order. Given that this case remains in its procedural infancy as to the non-moving Defendants despite having been commenced nearly a year ago, that the Court has extended Plaintiff's deadlines to effect service multiple times, and that Plaintiff has repeatedly failed to comply with those extended deadlines, the undersigned concludes that Plaintiff has not shown good cause for a further extension of time to effect service of process over the non-moving Defendants. Accordingly, it is **RECOMMENDED** that Plaintiff's claims against the non-moving Defendants (Jane Hanlin, Dr. Janez Pecar, Sunnyslope Care Center, the Hon. Frank W. Noble, Jr., Trinity Health System, Ryan Heddleston, and Jefferson County Probate Court) be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service of process.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      /s/ *Chelsey M. Vascura*
      CHELSEY M. VASCURA
      UNITED STATES MAGISTRATE JUDGE