UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID POWELL,

    Plaintiff,

    v.

JEFFERSON COUNTY
DEPARTMENT OF JOB &
FAMILY SERVICES, *et al.*,

    Defendants.

Case No. 2:24-cv-1405
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on February 13, 2025. (R&R, ECF No. 53.) Plaintiff David Powell filed this lawsuit on March 27, 2024. (ECF No. 1.) He has since amended his Complaint three times. (*See* ECF Nos. 3, 8, 14.) His Amended Complaint addresses his claims against the Commissioner of the Social Security Administration. (Am. Compl., ECF No. 8.) His two Supplemental Complaints make allegations against Defendants Dr. Janez Pecar and the Sunnyslope Center. (ECF No. 14.) In total, Mr. Powell names fifteen Defendants. (*See* ECF Nos. 1, 3, 8, 14.)

The Court gave Mr. Powell multiple extensions of time to comply with the Court's deadline to effect service of process over Defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure. In November, six months after Mr. Powell began this lawsuit, the Court ordered him for a second time to show cause why the Court should not dismiss this action without prejudice for failure to effect service, and why the Court should allow an extension of time to effect service. (ECF No. 30.) Mr. Powell responded, but the substance of his reply is difficult to discern; he generally requested more time to effect service. (ECF No. 40.)

To date, the docket does not reflect that Mr. Powell has properly effected service of process as required by Rule 4(m) over any of the Defendants. Although Mr. Powell has submitted mailing materials for the Clerk to serve on the Defendants, the complaints submitted to the Clerk for service differ depending on the Defendant to whom they are directed and do not appear to match any version of the Complaint currently on the docket. (*See* ECF Nos. 1, 3, 8, 14.) Thus, Mr. Powell's attempts at serving the Defendants are noncompliant.

Several Defendants have appeared and moved to dismiss Mr. Powell's claims for failure to state a claim for relief, or for lack of subject matter jurisdiction, noting the defects in service. (*See* ECF Nos. 23, 44, 46, 49, 52.) The remaining Defendants (Jane Hanlin, Dr. Janez Pecar, Sunnyslope Care Center, the Honorable Frank W. Noble, Jr., Trinity Health System, Ryan Heddleston, and the Jefferson County Probate Court, collectively, the "non-moving Defendants") have not appeared after Mr. Powell's deficient attempts to serve them. (R&R, PageID 950.) Because Mr. Powell made no progress in serving the non-moving Defendants in almost a year, the Magistrate Judge recommended that his claims against the non-moving Defendants be dismissed without prejudice under Rule 4(m) for failure to timely effect service of process. (*Id.*)

Mr. Powell filed a Motion titled "Motion for Leave to Reply Countermand of Objection in Opposition to Defendant's R&R," which the Court construes as an Objection to the Magistrate Judge's R&R. (Obj., ECF No. 54.) When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Powell's Objection mostly responds to motions to dismiss filed by the Defendants. (Obj.) He argues that subject matter jurisdiction is proper under diversity jurisdiction because "defendant's et al all live in Ohio, Dallas, Texas, [and] Washington D.C." (*Id.* PageID 953.) Whether the Court has subject-matter jurisdiction is a "threshold question" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity, meaning that no plaintiff is a citizen of the same state as any defendant. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Mr. Powell concedes that he is a citizen of Ohio (Mingo Junction) (*see* Obj., PageID 954), and that at least one Defendant "live[s] in Ohio," which destroys diversity jurisdiction. Because Mr. Powell is a citizen of the same state as several, if not all, of the Defendants, the Court does not have diversity jurisdiction over this matter. Mr. Powell does attempt to raise a federal question, however, in his Objection (not one of his complaints). (*But see* Obj., PageID 955 (alleging violations of federal law under § 1983).)

Even assuming he has plausibly alleged subject matter jurisdiction, Mr. Powell's Objection fails to address the arguments raised by the Magistrate Judge in the Report and Recommendation regarding the non-moving Defendants who have not been properly served and have not appeared. Mr. Powell appears to request another extension to complete service on the non-moving Defendants. (*See* Obj., PageID 952–53.)

Courts will grant an extension to complete service when the plaintiff shows good cause for failing to timely effect service of process. *Thul v. Haaland*, No. 22-5440, 2023 U.S. App. LEXIS 5046, at *7 (6th Cir. Mar. 1, 2023). Good cause is defined as "a reasonable diligent effort to timely effect service of process" and generally includes three scenarios: (1) when the defendant intentionally evades service, (2) when the district court commits an error, and (3) when a *pro se*

plaintiff suffers from serious illness." *Id.* (internal citations omitted). Even without a showing of good cause, the Court may exercise its discretion to allow late service. *See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (internal citations omitted). The Court considers the factors below when exercising its discretion to grant an extension of time:

>(1) whether an extension of time would be well beyond the timely service of process;
>
>(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
>(3) whether the defendant had actual notice of the lawsuit;
>
>(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
>(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
>(6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and
>
>(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569.

Here, Mr. Powell has failed to set forth facts justifying his requested extension. The Court has granted Mr. Powell several extensions. (ECF No. 6, 15, 24.) Each time, the Court warned that Mr. Powell's failure to effect service would result in the dismissal of his claims under Rule 4(m). (*Id.*) Despite the extensions, Mr. Powell has not completed service nor adequately explained his failure to do so. An additional extension would be well beyond the timely service of process under Rule 4(m). Although Mr. Powell is *pro se*, he has been provided ample opportunities to correct defects in the service of process and has failed to show diligence in making the necessary corrections, as highlighted by the Court. Accordingly, the Court finds that Mr. Powell has failed

to demonstrate that good cause exists and none of the discretionary factors support another extension of time. Therefore, Mr. Powell's requested extension is **DENIED**. (Obj.) Rule 4(m) counsels that under these circumstances, Mr. Powell's claims against the non-moving Defendants should be dismissed without prejudice.

The Court has made a de novo review of this record as required by 28 U.S.C. § 636(b) and Rule 72(b). Upon said review, Mr. Powell's Objection is **OVERRULED**. (ECF No. 54.) The Court agrees with recommendations in the Report and Recommendation and **ADOPTS** and **AFFIRMS** it. (ECF No. 53.) Mr. Powell's claims against Jane Hanlin, Dr. Janez Pecar, Sunnyslope Care Center, the Honorable Frank W. Noble, Jr., Trinity Health System, Ryan Heddleston, and the Jefferson County Probate Court are **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service of process. *See* Fed. R. Civ. P. 4(m). The Clerk is directed to terminate the non-moving Defendants from the docket of this case.

This case remains open.

**IT IS SO ORDERED.**

**3/10/2025**                                      s/Edmund A. Sargus, Jr.
**DATE**                                             **EDMUND A. SARGUS, JR.**
                                                           **UNITED STATES DISTRICT JUDGE**