UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID POWELL,**

      **Plaintiff,**

  v.                          Case No. 2:24-cv-1405
                                JUDGE EDMUND A. SARGUS, JR.
**JEFFERSON COUNTY**         Magistrate Judge Chelsey M. Vascura
**DEPARTMENT OF JOB &**
**FAMILY SERVICES,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on several *pro se* motions filed by Plaintiff David Powell (ECF Nos. 9, 10, 12), and motions to dismiss filed by Defendants (ECF Nos. 23, 44, 46, 49, 52). The Court rules on the motions below.

**I.    Background**

Mr. Powell filed this lawsuit on March 27, 2024. (ECF No. 1.) He has since amended his Complaint three times and named fifteen Defendants in total. (*See* ECF Nos. 3, 8, 14.) The allegations in Mr. Powell's various Complaints are difficult to discern but seem to relate to his role as the guardian on behalf of Linda Courcier. Defendants also describe discrepancies between the various Complaints filed on the Court's docket and the Complaints served on Defendants. The Complaints served on Defendants vary based on the Defendant being served.

Generally, the Complaints filed with the Court and served on Defendants allege that Mr. Powell was improperly removed as Ms. Courcier's guardian. Mr. Powell does not state his relationship to Ms. Courcier. When Ms. Courcier was visiting Ohio, she had a medical emergency, which he alleged led to a conspiracy initiated by the Jefferson County Probate Court to improperly remove him as her guardian and to prevent him from visiting her. The scope of the alleged

1

conspiracy is broad, and includes various media organizations, sovereign state, prominent athletes, and political figures, and members of crime families all worked together to kidnap Ms. Courcier, hold her hostage, and fraudulently represent that she passed away in December 2023. (*See e.g.*, ECF Nos. 23-1, 23-2, 23-3.)

He seeks the release of Mr. Courcier from a facility in Ohio, the Sunnyslope Center, to his custody so that they can return to Florida. He asks to be named as Ms. Courcier's Social Security payee, and for an award of attorneys' fees in the amount of $400,00, and $10 trillion in unspecified damages (*See* ECF Nos. 3, 8, 14.) He asks the Court to issue an arrest warrant of various state and local entities, politicians, corporations, and athletes. (*Id.*)

Mr. Powell also filed a Motion for Preliminary Injunction (ECF No. 9), a Motion for Summary Judgment (ECF No. 10), and a Motion titled "2nd Request Motion to Add Plaintiff's New Names & et al to all Caption Pleadings of Plaintiff's et al & Defendant's et al Docket's Case No. Clerical Misprision or Clerical Mistake by Officers of the Court" (ECF No. 12).

Several Defendants moved to dismiss Mr. Powell's claims for failure to state a claim for relief or for lack of subject matter jurisdiction. Below is a list of the motions to dismiss before the Court:

- State of Ohio, the Ohio Department of Job and Family Services, Ohio Medicaid, Ohio Department of Job and Family Services Bureau of State Hearings, Ohio Ombudsman Long-Term Care, (collectively, the "State of Ohio Defendants") Motion to Dismiss for Lack of Jurisdiction (ECF No. 23.)

- State of Ohio Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 44)

- Defendant Jefferson County Department of Job and Family Services' Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (ECF No. 46)

- Defendant Coleman Health Service's Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (ECF No. 49)

2

- Defendant Commissioner of Social Security's Motion to Dismiss Case as Frivolous, for Failure to State a Claim, and for Lack of Jurisdiction (ECF No. 52)

Several other Defendants did not appear after Mr. Powell's deficient attempts to effect service of process. When Mr. Powell failed to effect service of process after almost a year, the Magistrate Judge recommended that the Court dismiss without prejudice Mr. Powell's claims against the non-moving Defendants under Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely effect service of process. (R&R, ECF No. 53.) Mr. Powell filed a Motion broadly objecting to the Report and Recommendation and opposing the various motions to dismiss filed by Defendants. (ECF No. 54.) The Court adopted the Report and Recommendation and dismissed the claims against the non-moving Defendants without prejudice. (*See* O&O, ECF No. 55.) The Court now addresses the remaining pending motions before the Court.

## II.     Mr. Powell's Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The purpose of a preliminary injunction is "to preserve the parties' relative positions in order to prevent irreparable injury prior to trial." *Montgomery v. Carr*, 848 F. Supp. 770, 779 (S.D. Ohio 1993) (Weber, J.).

To decide whether to issue a preliminary injunction, the Court examines four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet*, 305 F.3d at 573 (explain the four factors should be balanced against each other).

Mr. Powell's Motion for a Preliminary Injunction states, in its entirety:

3

> Pursuant to Civil rule 8(a), 9(g), 54, 55, 58, 64, 65, 65.1, 69 Plaintiff(s) et al hereby moves the Court to enter as prayed **FORTHWITH Injunction Relief Blanket Protective, Restraining, & SEIZURE OF PERSON MS. COURCIER BACK TO GUARDIAN MR. POWELL ORDER JUDGMENT** in favor of prevailing Appellant(s) et al and against Defendant's et al 18, 19, 19.1, 20 necessary implication. On the grounds **Estoppel by Acquiescence, nil-dicit default, Judgmen**t. The Court after reviewing the motion and relevant laws, finds that the motion for Blanket Protective, Restraining, & seizure of person order Habeas Corpus, Mandamus relief is well taken and is **GRANTED**.

(ECF No. 9, PageID 168.)

Mr. Powell has not alleged facts sufficient to warrant a preliminary injunction. His single-paragraph motion has not shown that he has any likelihood of success on the merits, let alone a strong likelihood of success. As grounds for relief, he cites estoppel by acquiescence. But "estoppel by acquiescence is generally considered an affirmative defense, not an independent cause of action, whereby a plaintiff will be held to have lost his rights against a defendant, if the plaintiff has committed some act which 'amount[s] to an assurance to the defendant, express or implied, that plaintiff would not assert his . . . rights against the defendant[].'" *Bey v. Brown*, No. 4:16CV0267, 2017 U.S. Dist. LEXIS 47833, *9 (N.D. Ohio Mar. 30, 2017) (citing *Nat'l Football League v Rondor, Inc.*, 840 F. Supp.1160, 1167 (N.D. Ohio 1993); *Zwerin v. 533 Short N. LLC*, No. 2:10-cv-488, 2012 U.S. Dist. LEXIS 157745, at *5 (S.D. Ohio Nov. 2, 2012)).

Mr. Powell does not argue that he will suffer irreparable harm if the injunction is not issued. There is no discussion of harm to others or the public interest in his Motion. Accordingly, Mr. Powell is not entitled to the extraordinary remedy of a preliminary injunction and his Motion for Preliminary Injunction (ECF No. 9) is **DENIED**.

### III. Motions to Dismiss

All Defendants argue that Mr. Powell has failed to effect service and thus his claims should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. Even if he had effectuated service on the Defendants, Defendants argue that the Court lacks jurisdiction for several reasons.

Alternatively, Defendants move to dismiss contending that Mr. Powell has failed to state a claim upon which relief may be granted. The Court addresses each of the Defendants' Motion to Dismiss in turn.

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 57 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying plausibility standard from Twombly). Further, "[a]lthough for purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (quotations omitted).

Since Mr. Powell brings this action without the assistance of counsel, he is entitled to a liberal construction of the Complaint. *Pro se* complaints are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this more lenient standard has limits. *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012). Courts "should not have to guess at the nature of the claim asserted." *Id.* (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. State of Ohio Defendants' Motions to Dismiss

The State of Ohio Defendants filed two Motions to Dismiss arguing that the Court lacks subject matter jurisdiction over the action (ECF No. 23) and that Mr. Powell has failed to state a

claim for relief (ECF No. 44).[1] Mr. Powell responded to both Motions (ECF Nos. 27, 48), and the State of Ohio Defendants replied (ECF Nos. 29, 50).

The State of Ohio Defendants argue that the Court lacks jurisdiction over the case because (1) Ms. Courcier passed away rendering Mr. Powell's claims as moot; (2) Mr. Powell failed to allege the proper basis for the Court's jurisdiction; (3) federal courts lack jurisdiction to reverse decisions by probate courts; and (4) the Eleventh Amendment bars all prospective claims and claims for damages against the State of Ohio Defendants. (*See* ECF Nos. 23, 29.)

To the extent that Mr. Powell seeks monetary damages from the State of Ohio Defendants, his claims are dismissed under sovereign immunity under the Eleventh Amendment. The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state.

U.S. Const. Am. XI. The Amendment bars claims for monetary damages against State agencies and State officers in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Mr. Powell sues the State of Ohio itself, along with several other state agencies or state officials named in their official capacities (Ohio Department of Job and Family Services, Ohio Medicaid, Ohio Department of Job and Family Services Bureau of State Hearings, Ohio Ombudsman Long-Term Care), so the State of Ohio is effectively the real party in interest. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (citation omitted). He seeks monetary damages of $10 trillion and $400,000 in attorneys' fees. Therefore, his claims for monetary, non-prospective relief, are barred by the Eleventh Amendment.

---

[1] The State of Ohio Defendants also argue that they were not properly served with summons and a copy of the complaint. (ECF No. 23, PageID 457–58.) Because Mr. Powell is *pro se* and the State of Ohio Defendants have appeared, the Court will treat the State of Ohio Defendants as if service were proper for the motion to dismiss.

The State of Ohio Defendants argue that the Court lacks jurisdiction over Mr. Powell's claims for prospective relief under the probate exception. (ECF No. 23, PageID 466.) Mr. Powell did not address the argument that the Court lacks subject matter jurisdiction over guardianship matters in his response to the Motion. (*See* ECF No. 27.)

Under Ohio law, the probate court may appoint a guardian over a person. *See* Ohio Rev. Code § 2111.02(A). Federal courts are prohibited from exercising jurisdiction over certain conflicts involving property subject to a state court probate proceeding." *Osborn v. Griffin*, 865 F.3d 417, 434 (6th Cir. 2017) (describing the "probate exception" to federal jurisdiction). Although the "full scope of the so-called probate exception remains open to debate, [] matters involving a Guardian, Conservator[,] or other fiduciary appointed and supervised by the Probate Court fall comfortably within its scope." *Gilroy v. Gilroy*, No. 1:21-CV-261, 2021 U.S. Dist. LEXIS 232092, at *5 (W.D. Mich. Apr. 5, 2021); *see also Struck v. Cook County Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007) (applying the probate exception to claim challenging revocation of guardianship).

Mr. Powell's Complaint primarily asks this Court to reverse the decision of the Jefferson County Probate Court appointing a guardian for Ms. Courcier, and to instead award him guardianship. (*See* ECF Nos. 23-1 (Complaint served on State of Ohio); 23-2 (Complaint served on Medical Board); 23-3 (Complaint served on Ohio Department of Medicaid).) Matters involving guardianship are excluded from this Court's jurisdiction under the probate exception. Even if the probate doctrine did not apply, the Court notes that to the extent that Mr. Powell is attempting to overturn orders entered by an Ohio probate court, the *Rooker-Feldman* doctrine limits this Court's ability to adjudicate such claims. *Heimlich v. United States*, No. 2:23-cv-1879, 2023 U.S. Dist. LEXIS 112100, at *9 (S.D. Ohio June 28, 2023) (Vascura, M.J.) (citing *Rooker v. Fid. Tr. Co.*,

7

263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)).

Even construing Mr. Powell's Complaint liberally and assuming he adequately pled the jurisdictional requirements, the Court nonetheless finds that Mr. Powell has failed to state a claim upon which relief may be granted. First, Ms. Courcier's death likely renders moot Mr. Powell's claim. Second, Mr. Powell does not make clear what cause of action he brings against the State of Ohio Defendants. Even under the liberal pleading standards afforded to *pro se* litigants, the Court "should not have to guess at the nature of the claim asserted." *Frengler,* 482 F. App'x at 976–77. The State of Ohio Defendants construe his allegations as bringing a 42 U.S.C. § 1983 claim because he argues Defendants engaged in a conspiracy to violate his civil rights by kidnapping Ms. Courcier and falsely claiming that she passed away. (ECF No. 23, PageID 469.) Although it is hard to discern the relief requested, Mr. Powell appears to request the return of guardianship of Ms. Courcier to him, the immediate discharge of her to his custody, and to name him as her Social Security payee.

The State of Ohio Defendants correctly note that Mr. Powell fails to state a claim upon which relief may be granted. For one, Ms. Courcier passed away on December 3, 2023. (ECF No. 23, PageID 464–65; *see also* ECF No. 23-4, Certificate of Death.) Her death at minimum makes it impossible for the Court or any of the Defendants to return guardianship to Mr. Powell, or to release her into his custody. Further, none of the State of Ohio Defendants are able to award guardianship or responsible for naming the Social Security payees. (ECF No. 23, PageID 468–69.) Accordingly, because he fails to state a claim for relief even under the less stringent standards imposed on *pro se* litigants, Mr. Powell's claims against the State of Ohio Defendants are **DISMISSED**.

### C. Defendant Jefferson County Department of Job & Family Services' Motion to Dismiss

Jefferson County Department of Job and Family Services ("Jefferson County JFS") also moved to dismiss Mr. Powell's Complaint. (ECF No. 46.) Mr. Powell opposed that Motion. (ECF No. 48.) As with the other Defendants, the Complaint served on Jefferson County JFS is not one of the four Complaints on the Court's docket. (*Compare* ECF No. 46-1 (Complaint served on Jefferson County JFS) *with* ECF Nos. 1, 3, 8, 14 (Complaints filed on docket).) Thus, Jefferson County JFS argues that it has not been properly served under Rule 4(m) of the Federal Rules of Civil Procedure. Like the State of Ohio Defendants, Jefferson County JFS also argues that Mr. Powell has failed to state a claim for relief under Rule 12(b)(6).

Mr. Powell makes the allegations below against Jefferson County JFS:

- "CRIME FRAUD EXCEPTION W/ DISCRIMINATION **JEFFERSON COUNTY DJFS** OBSTRUCTION OF JUSTICE COMPOUNDING THE CRIMES SPREE(S)." (ECF No. 46-1, ¶ 2.) "COMPOUNDING THE CRIME CAUSE OF ACTION STIFLINF OVERT PROSECUTION CAUSATION EXIST IN A SUBORN SECRET UNDERHANDED MATTER (CHANGE OF GUARDIANSHIP) SUBMISSION TO A FINDINGS LINK TO HOSTAGE KIDNAP BY **JEFFERSON COUNTY DEPT. JFS/APS ET AL & THIRD PARTY**." (*Id.*)

- "NECESSARY IMPLICATION FOR OVERT TERRORISM ACTS W/ **JCDJFS**." (*Id.* ¶ 3.)

- "BASED ON PLAINTIFF(S) ET AL REBUTTAL LEGAL GROUNDS OBJECTION AN JEFFERSON COUNTY DEPT. JFS/APS UNREASONABLE DECISION." (*Id.* ¶ 6.) "APPOINTED IMPOSTER GUARDIAN RYAN HEDDLESTON ON 5-26-23 FALSIFYING A RECORD DECEPTION CONSPIRACY FALSE DOCUMENTS BY JEFFERSON COUNTY DJFS IN PROBATE COURT JUDGE LACK OF SUBJECT MATTER JURISDICTION 12/15/22 DEFENDANT'S ET AL." (*Id.*)

- "PLAINTIFF(S) ASSERT TO ESTOP BAR OR PREVENT BY ESTOPPEL ESTOPPAGE **JEFFERSON CDJFS ET AL** & JUDGE DECISION 11-16-23, 12-18-23, & 2-26-24 IN PROBATE NON JURISDICTION CONTEMPORANEOUS OBJECTION." (*Id.* ¶ 9.)

9

- "R. 15(c) RELATES BACK TO ORIGINAL PLEADING DATE IN COUNTY PROBATE COURT EMERGENCY HEARING DESIGNATED AGENCY OF JEFFERSON COUNTY DJFS/APS & TRINITY HEALTH SYSTEM 11/17, 18/22." (*Id.* ¶ 11.)

- "DEPRIVED OF CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAWS 42 UDCA SS. 1983 AND 42 USC SS. 1985(1-3) SEDITIOUS CHAIN CONSPIRACY W/ JEFFERSON COUNTY DEPT. JOB & FAMILY SERVICES/APS." (*Id.* ¶ 20.)

- "WIRE AND MAIL FRAUD TO GAIN AN ECONOMICAL ADVANTAGE <u>JDJFS ET AL RECIPIENTS</u> RECEIVING FEDERAL AND STATE DOLLARS WHILE LINK TO EXTORTION, RANSOM, HUMAN TRAFFICKING KIDNAP DOMESTIC STATE TERRORISM OF PLAINTIFF'S ET AL." (*Id.* ¶ 21.)

The Complaint served on Jefferson County JFS has not been filed with the Court. Rule 4(c) of the Federal Rules of Civil Procedure requires that a summons be served with a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). Since Mr. Powell failed to have summons and a copy of the Complaint filed on the Court's docket served on Jefferson County JFS in the time allotted under Rule 4(m), Jefferson County JFS is entitled to dismissal on these grounds. *See* Fed. R. Civ. P. 12(b)(5) (providing for dismissal for insufficient service of process).

But even if the Complaint were properly served on Jefferson County JFS, Mr. Powell does not provide factual allegations with the detail necessary to give Jefferson County JFS notice of a viable cause of action against it under any of the legal theories referenced by Mr. Powell. *See Milam v. Brown*, No. 21-6035, 2022 U.S. App. LEXIS 14892, at *4 (6th Cir. May 31, 2022) (collecting cases affirming the dismissal of rambling complaints that fail to give the defendants fair notice). Mr. Powell's allegations are difficult to decipher and leave Jefferson County JFS guessing as to what causes of action he asserts. Even under the more lenient construction afforded to *pro se* litigants, Mr. Powell fails to state a claim upon which relief can be granted. Accordingly, Jefferson County JFS's Motion to Dismiss (ECF No. 46) is **GRANTED** and Mr. Powell's claims against it are **DISMISSED**.

### D. Defendant Coleman Health Service's Motion to Dismiss

Defendant Coleman Health Service also moves to dismiss Mr. Powell's Complaint against it. (ECF No. 49.) Mr. Powell did not respond to Coleman Health's Motion. Mr. Powell's allegations against Coleman Health include:

- "Criminal negligence criminal intent of perpetrator(s) Political Offenses overt acts introduced fabricated evidence by . . . Coleman Professional Service and Parent company Coleman Health Service CEO Hattie Tracey." (ECF No. 46-1, ¶ 3.)

- "TO INCLUDE Pinkerton Rule and other Simul Cum(s) Terrorism Right in Rem (Jefferson County) and other Community at large citizens Political Offenses accomplice liability, joint trespass (RICO ACT) subversive overt acts criminal crime spree activities. Retaliation criminal coercion threats against sponsor David Powell being arrested and jailed if he removed Linda Courcier as her Guardian home. By Coleman Professional Service and Probate Court Judge no contact unreasonable decision." (*Id.* ¶ 4.)

- "The Terrorist Terrorism perpetrator(s) conspirators coconspirator(s) covin overt acts conspiracy malice False Statements 18 USCA ss. 1001 and falsifying a record in Probate Court 11-16, 18-22 & 12-8, 15-22. Under false pretext, pretenses, and false oral testimony ORC 2921.11(A-C) and repeated again at State Bureau hearing on 2-13-23 . . . complicity w/ Coleman Professional Services[.]" (*Id.* ¶ 7.)

- "Deceit overt acts malice by both case workers and Coleman Professional Services to blackmail trick coercion both victims in a badger game extort money scheme." (*Id.* ¶ 8.)

- "Pervasive malice U.S. Joint enterprises malicious purposes overt acts exploitation and deception to evade and or overthrow its own government and its law. Along w/ link together facilitator Coleman Professional Service & Jefferson County Government Entities (Probate Court) compounding the crimes." (*Id.* ¶ 17.)

- "Civil servants criminal coercion crimes allowing criminal intent by Crime Families and Coleman Professional Services (Exhibit)." (*Id.* ¶ 27.)

- "By Repeated blind eye willful blindness ties to the complicit aid and abetting facilitation of . . . Coleman Professional Service[.]" (*Id.* ¶ 36.)

- "Aiding in abetting terrorism intimidation facilitation w/ Probate Court/Coleman Professional Service Terrorism nondisclosure active concealment malicious purpose unlawful force of kidnapping isolation of Ms. Courcier and Discrediting Mr. Powell." (*Id.* ¶ 37.)

The Complaint served on Coleman Health does not match any of the Complaints on the Court's docket. (*Compare* ECF No. 49-1, *with* ECF Nos. 1, 3, 8, 14.) Accordingly, Coleman Health moves to dismiss under Rule 12(b)(5). When a plaintiff fails to serve a defendant a summons with a copy of the complaint in the time allowed under Rule 4(m), a defendant may move for dismissal under Rule 12(b)(5) for insufficient service of process. *Tepe v. Whirlpool Corp.*, No. 22-5826, 2023 U.S. App. LEXIS 13818, at *3 (6th Cir. June 2, 2023) (explaining that the plaintiff bears the burden of proving that proper service was made). Ordinarily, courts cannot exercise power over a defendant without service of process on that defendant. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). Since initiating this lawsuit almost a year ago, Mr. Powell has not shown that proper service was made on Coleman Health. Thus, dismissal is proper under Rule 12(b)(5) for insufficient service of process.

But even if Coleman Health were properly served, it argues that dismissal is appropriate under Rule 12(b)(1) because Mr. Powell has failed to establish that the Court has subject matter jurisdiction and Rule 12(b)(6) because he has failed to state a claim for relief. (ECF No. 46, PageID 815–17.) As with his claims against Jefferson County JFS, Mr. Powell's claims against Coleman Health are difficult to discern. Although he alleges some wrongdoing on Coleman Health's part, the Court cannot determine from the pleadings what role Coleman Health played in the alleged deprivation of Mr. Powell's rights. His factual allegations do not state in sufficient detail allegations necessary to give notice of the causes of action against Coleman Health. Mr. Powell therefore fails to state a claim upon which relief can be granted. Coleman Health's Motion to Dismiss (ECF No. 49) is **GRANTED** and Mr. Powell's claims against it are **DISMISSED**.

### E. Defendant Commissioner of Social Security's Motion to Dismiss

The Commissioner of the Social Security Administration moves to dismiss Mr. Powell's case as frivolous, for failing to state a claim for relief, and for lack of jurisdiction. (ECF No. 52.)

12

Mr. Powell did not file a memorandum in opposition to the Commissioner's Motion but broadly objected to the Motions to Dismiss in his Objection to the Magistrate Judge's Report and Recommendation. (*See* ECF No. 54.)

Mr. Powell names the Social Security Administration in this lawsuit because a new representative was appointed to manage Ms. Courcier's Social Security benefits. Mr. Powell alleges that the Social Security Administration participated in a conspiracy to appoint a new guardian of Ms. Courcier and fraudulently declare her death. (*See* ECF No. 52, PageID 934.)

The Commissioner argues that Mr. Powell lacks standing to litigate on Ms. Courcier's behalf as her guardian because the state probate court appointed Ms. Courcier a different guardian. (*Id.* PageID 939–41.) Even if he were her guardian, Ohio law does not allow a guardian to sue on behalf of a deceased ward. (*Id.* (citing Ohio Rev. Code § 2111.17).) The Commissioner reiterates that even if Mr. Powell had standing, the Court has no jurisdiction under the probate exception and should abstain pursuant to the *Rooker-Feldman* doctrine. (*Id.* PageID 940.)

The Commissioner also reasons that "[t]o the extent that [Mr. Powell] is asserting a right to be Ms. Courcier's representative payee, he identifies no legal authority supporting the existence of such a right nor any legal authority supporting the proposition that he has a right to judicial review of the Commissioner's decision to appoint Ms. Courcier's legal guardian as payee instead of him." (*Id.* PageID 942.) The selection of a representative payee is properly appealed through the administrative appeals process. (*Id.* (citing 20 C.F.R. §§ 404.903(c), 404.902(q)).) At minimum, Mr. Powell's Complaint is too incomprehensible to establish federal court jurisdiction over his claims, and at best, the Complaint fails to plead sufficient facts to state a plausible claim for relief on its face. (*Id.* PageID 945–46.)

The Court agrees that the deficiency of Mr. Powell's allegations against the Commissioner of the Social Security Administration deprive the Court of subject-matter jurisdiction. If the Court

had jurisdiction, the proper avenue to adjudicate his claim would be by exhausting the administrative review process. Even then, the Court's ability to review the state court judgment is limited by the *Rooker-Feldman* doctrine. *See Rooker*, 263 U.S. at 415–16; *Feldman*, 460 U.S. at 476. Allegations before the Court are too attenuated to put the Social Security Administration on notice of the claims brought against it. Accordingly, the Court **GRANTS** the Commissioner's Motion to Dismiss (ECF No. 52) and dismisses the claims against the Social Security Administration.

### IV. Conclusion

For the reasons stated above, Mr. Powell's Motion for Preliminary Injunction is **DENIED** (ECF No. 9). The Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 23, 44, 46, 49, 52) and **DISMISSES with prejudice** Mr. Powell's claims against all Defendants. Having dismissed the claims against all Defendants, Mr. Powell's Motion for Summary Judgment (ECF No. 10), and Motion titled "2nd Request Motion to Add Plaintiff's New Names & et al to all Caption Pleadings of Plaintiff's et al & Defendant's et al Docket's Case No. Clerical Misprision or Clerical Mistake by Officers of the Court" (ECF No. 12), are **DENIED as moot**.

The Clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

**3/10/2025**                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**